**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARLOS ESTEBAN GARCIA ROBLES,<br><br>Petitioner,<br><br>v.<br><br>FRANCIS et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-cv-01148 |

**MEMORANDUM ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FILED BY WENDY GARCIA ROBLES AS "NEXT FRIEND" TO CARLOS ESTEBAN GARCIA ROBLES (ECF NO. 21)**

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 21), which was filed by Wendy Nicol Garcia Robles ("Ms. Garcia Robles") as "next friend" to the named petitioner, Carlos Esteban Garcia Robles ("Petitioner").

Petitioner is a citizen of Ecuador and is currently being detained at Moshannon Valley ICE Processing Center. (ECF No. 21 at 13). Petitioner was arrested on June 5, 2026. *Id*. at 13-14. On June 12, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 through Ms. Garcia Robles as "next friend" in the United States District Court for the Southern District of New York. (ECF No. 1). On June 16, 2026, the present case was transferred to the Western District of Pennsylvania by Memo Endorsement of a letter from Respondents asking that the case be transferred for improper venue. (ECF No. 9).

Following transfer to this Court, Respondents filed a Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus because Ms. Robles had not established "next friend" standing. (ECF No. 18). In response, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("the Amended Petition"). (ECF No. 21). The Amended Petition was again filed through Ms. Garcia

Robles as "next friend." *Id*. The Amended Petition incorporated as an exhibit Petitioner's first Petition for Writ of Habeas Corpus. *Id*. at 10. This included the assertions by Ms. Garcia Robles that Ms. Garcia Robles: (1) is Petitioner's sister; (2) has a significant relationship with Petitioner; (3) has a genuine interest in Petitioner's welfare; and (4) is acting in Petitioner's best interest in bringing this petition. *Id*. at 12.

Respondents filed a preliminary response to the Amended Petition, incorporating by reference their earlier Motion to Dismiss at ECF No. 18. (ECF No. 24 at 2). Respondents assert that Ms. Garcia Robles has not shown that Petitioner is incapable of appearing on his own behalf and that Ms. Garcia Robles is not permitted to litigate a habeas petition as a non-attorney. *Id*. at 2-3.

"A 'next friend' is one who pursues an action on behalf of the real party in interest, when that person cannot appear on her own behalf for some legitimately recognized reason 'such as inaccessibility, mental incompetence, or other disability.'" *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "Next friend" standing is met where the "next friend" "has a significant relationship with the real party in interest, and the 'next friend' applicant is 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate.'" *Id*. (quoting *Whitmore*, 495 U.S. at 163-64).

"A non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intel. Agenc*y, 804 F. App'x 127, 128, n. 2 (3d Cir. 2020) (Mem) (Per Curiam) (citing *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Even if someone meets "next friend" status, they "must have an attorney in order to proceed in federal court[.]" *Huang v. Warden of Moshannon Valley ICE Processing Cntr.*,

No. 3:25-cv-356, 2025 WL 4070431, at *2 (W.D. Pa. Dec. 5, 2025) (quoting *Bush*, 732 F. App'x at 137).[1]

Ms. Garcia Robles asserts in the Amended Complaint that she "is not acting as, and does not hold herself out as, Petitioner's attorney or legal counsel." (ECF No. 21 at 12). Further, "[s]he is not appearing as legal counsel and is not providing legal representation in this federal court case[.]" *Id*. Because Ms. Garcia does not have an attorney, she cannot proceed in federal court, even if "next friend" status is met. *See id*; *Bush*, 732 F. App'x at 137; *Schlemmer*, 804 F. App'x at 128, n.2; *Huang*, 2025 WL 4070431.

Therefore, the Court must dismiss the habeas petition filed by Ms. Garcia Robles as "next friend" to the Petitioner. The dismissal is without prejudice to allow either: (1) the Petitioner to initiate a new federal habeas proceeding by submitting (and signing) his own habeas petition; or (2) Ms. Garcia Robles to retain counsel.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: August 24th, 2026

[1] At this time, the Court does not reach the question of whether Ms. Garcia Robles does indeed meet the above qualifications for "next friend" status.